Argued October 24, affirmed November 18, 1974

STATE OF OREGON, *Appellant, v.* STANLEY
EUGENE MAYS (No. C 74-01-0044 Cr), *Respondent.*

528 P2d 109

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

*Robert C. Cannon,* Deputy Public Defender, Salem,
argued the cause for respondent. With him on the
brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and FOLEY and
THORNTON, Judges.

## FOLEY, J.

Defendant was indicted on a charge of theft in the first degree, in violation of ORS 164.055. Prior to trial he moved to suppress as evidence the property involved in the theft, a pistol, on the ground that it had been unlawfully seized by the police. The trial court allowed the motion. The state appeals, pursuant to ORS 138.060 (3).

In executing a search warrant calling for the search of the person of one Regina McPherson and premises described as 2726 N.E. 13th, Portland, for narcotics and narcotics paraphernalia, a police officer discovered a .380 caliber pistol under the mattress on a bed in an upstairs bedroom. Ten officers were present in the house and there were four persons besides the officers on the premises. They were defendant, Regina McPherson, another woman and a small child. They were brought into the living room where they were advised of their constitutional rights and they remained under the eyes of the police while the search progressed. The officer who discovered the gun took it downstairs and asked defendant if it were his. Defendant replied that it was. The officer then made a registration check of the pistol by telephone and found that it was stolen. Defendant was thereupon arrested for theft (by receiving) of the weapon and this prosecution followed.

Defendant moved to suppress the gun as evidence because "[t]he seizure of said pistol was not pursuant to a search warrant, not incident to a lawful arrest, nor based upon probable cause."

While there was conflicting evidence on some issues, the trial court resolved them favorably to the

defendant. At the close of the suppression hearing the court made the following oral findings:

"* * * I'm making the following finding, that he [the officer] wasn't under one of the exigent conditions, to wit, that his personal safety was not involved or there wasn't any reason for fear of his personal safety,[1] secondly, at the time he picked up the gun under the mattress he did not have probable cause to believe that this gun was stolen."

The court followed with the suppression order which is in pertinent part as follows:

"* * * [T]he court FINDS: (1) that the officer intended to seize [as distinguished from inspect] the firearm * * * and (2) at the time of seizure, the officer did not have probable cause to believe it was contraband."

There was evidence which supported the findings of the trial court. In such a case the findings will not be disturbed on appeal. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The suppression order is thus sustained by the findings.

Affirmed.

---

[1] This was based upon the unequivocal testimony of the seizing officer who was called by the state.