Argued November 26, 1975, reversed and remanded for trial January 12, reconsideration denied February 11, petition for review denied March 9, 1976

STATE OF OREGON, *Appellant,*
*v.*
STEWART LEE MATHIS, JR., *Respondent.*
(No. 75-1144, CA 4949)
544 P2d 170

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*James C. Farrell,* P.C., Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

The state appeals from an order of the Circuit Court for Douglas County suppressing evidence. ORS 138.060(3). The evidence was seized under a search warrant issued by a district court judge based on a police officer's affidavit together with the officer's supplemental sworn testimony given to the judge at the time he made application for the warrant.

At the time the application for search warrant was made to the district court judge the police officer presented to him the affidavit. The magistrate then placed the officer under oath and received oral testimony from him which supplemented the affidavit. The magistrate did not make and keep a record of the testimony of the officer. At the suppression hearing over objection of defendant the magistrate testified to the substance of the supplemental testimony.

The trial court found that the affidavit plus the supplemental sworn testimony taken by the district court judge was sufficient to meet probable cause requirements of the Fourth Amendment, but that since the issuing judge did not make and keep a record of the testimony of the applicant as provided in ORS 133.555(1),[1] the evidence would have to be suppressed.

ORS 133.555 provides:

"(1) Before acting on the application, the judge may examine on oath the affiants, and the applicant and any witnesses he may produce, and may himself call such witnesses as he considers necessary to a decision. He shall make and keep a record of any testimony taken before him. The record shall be admissable [sic] as evidence on any motion to suppress.

"(2) If the judge finds that the application meets the requirements of ORS 133.535 and that, on the basis of the record made before him, there is probable cause to believe that the search will discover things specified in

[1]Defendant's objection was on the basis referred to in ORS 133.545(4), regarding the telephone warrant procedure. The trial judge apparently considered that as being the statute involved. This error is not important to the issue here involved.

[ 55 ]

the application and subject to seizure under ORS 133.535, he shall issue a search warrant based on his finding and in accordance with the requirements of ORS 133.545 to 133.615. If he does not so find, the judge shall deny the application.

"* * * * *."

In addition to furnishing the magistrate the affidavit or affidavits for search warrant required by ORS 133.545(3),[2] the above-quoted statute provides that the issuing judge "may examine on oath the affiants." And when he does so, the statute directs that he "make and keep a record of any testimony taken before him."

The Criminal Law Revision Commission's Commentary on what became ORS 133.555 is as follows:

"The goal of the Commission is to encourage the police to seek search warrants and to facilitate this in all ways possible. Requiring a more formal record-making procedure tends to make more cumbersome the obtaining of warrants. It may, however, serve another purpose which might be viewed as outweighing the extra burden. If the judge causes a record to be kept of all that is said at the 'hearing' on the application, it may prove beneficial should the affidavit be challenged later in a motion to suppress." Commentary, Proposed Oregon Criminal Procedure Code 74, Art 5, § 134 (1972).

The purpose of requiring the warrant-issuing judge to make a record of the testimony taken before him is obviously to facilitate any later judicial review involving the basis upon which the judge acted in issuing the search warrant.

In the present case the issuing judge failed to follow the direction of the statute. Defendant insists, and the trial court held, that this failure requires automatic

[2] ORS 133.545(3) provides:

"The application shall consist of a proposed warrant in conformance with ORS 133.565, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that such things are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

suppression of any evidence the seizure of which is based upon such unrecorded testimony.

The state contends that the suppression of the evidence ought not to result where the probable cause evidence presented to the magistrate was, in fact, sufficient to establish probable cause, notwithstanding part of it was not recorded at the time.[3] In other words, the state contends that a statutory violation not reaching constitutional proportions ought not to be ground for automatic suppression of evidence.

A principal purpose of the exclusionary rule is to control improper police activity. Here the police officer, by his affidavit and his supplementary sworn testimony, properly fulfilled all that the law required of him in providing the issuing judge with sufficient information to make an independent finding of probable cause. The exclusion of such evidence would obviously have no effect on police activity as no improper police activity was involved. The exclusion of the evidence because of the magistrate's failure to make a record of the testimony might reflect unfavorably on the magistrate but is not required in the furtherance of any constitutional purpose.

■ It is axiomatic that the criminal process is a search for the truth. Because of the requirement that prophylactic measures be employed in certain circumstances, the search for the truth is sometimes thwarted. In this connection, however, our Supreme Court has said regarding the violation of a statute by the police:

"* * * The exclusion of trustworthy evidence that has lawfully come into the possession of the government would penalize society without serving a constitutional

---

[3]"In addition to these specific reasons why the evidence should not be excluded, we stated a general policy:

" '* * * [W]e continue to regard a trial as a search for the truth and, therefore, competent evidence should never be excluded except for the most compelling reason. * * *' *State Forester v. Umpqua River Navigation Co.,* 258 Or 10, 26, 478 P2d 631, 639 (1970)." *State v. Valentine/Darroch,* 264 Or 54, 68-69, 504 P2d 84 (1972), *cert denied* 412 US 948 (1973).

[ 57 ]

purpose. * * *"[4] *State v. Cortman,* 251 Or 566, 571, 446 P2d 681 (1968), *cert denied* 394 US 951 (1969).

In *Cortman* the police had failed to give the magistrate a list of the items seized under a search warrant as was required by statute. In *State v. Fitzgerald,* 19 Or App 860, 530 P2d 553 (1974), although this court affirmed the order suppressing evidence on a constitutional ground, it held that a statutory violation by the police in failing to give the defendant a written list of the items seized was not ground for suppression. These cases, then, stand for the rule that a statutory violation which does not reach constitutional proportions does not require automatic suppression of evidence.

The trial judge in the instant case distinguished *Cortman* and *Fitzgerald* on the basis that both refer to matters which occurred after the issuance of the warrant. But the important issue is whether the constitutional requirement of probable cause was met before the search warrant was issued. Here, the trial judge concluded that probable cause had been established if he were permitted by law to consider the testimony of the warrant-issuing judge. We think he was and that he should have considered that testimony in making his determination.

■ Our conclusion that suppression is not necessarily required does not end the inquiry. If the failure to comply with the statute improperly prejudiced the defendant, then the evidence ought to be suppressed. This brings us to the consideration of to what extent, if any, the defendant was prejudiced by the procedure

---

[4] *See also: State v. Valentine/Darroch,* supra, where our Supreme Court said:

"We have never excluded evidence because it was obtained in violation of a statute, as contrasted with a violation of the Federal or State Constitutions. In *State v. Shipley,* 232 Or 354, 360-362, 375 P2d 237 (1962), a majority of this court refused to exclude a confession although it had been obtained as a result of a detention which was admittedly in violation of ORS 133.550. That statute requires an arresting officer to take his prisoner before a magistrate without delay. The magistrate must inform the prisoner of his right to the aid of counsel before any further proceedings are had. ORS 133.610." 264 Or at 68.

followed here. The procedure used here was cumbersome and irregular and is not to be encouraged. However, at the time the issuing judge's testimony was introduced at the suppression hearing, defendant did not seek in any way to controvert it. He objected to it only on the basis it was not recorded and although defendant's counsel said this was the first time he knew of the supplemental testimony, he did not cross-examine, he did not claim it was untrue, nor did he request a continuance. Neither did he claim on this appeal that he could show any prejudice. In short, the record does not disclose that the magistrate's testimony prejudiced the defendant otherwise than that it established there was probable cause for the issuance of the search warrant.

Defendant urged two other grounds for suppression of the evidence seized under the search warrant. The trial court found that those grounds lacked merit. There was evidence to support the trial court's findings on those issues.

Reversed and remanded for trial.