Argued July 26, affirmed August 22, 1977

STATE OF OREGON, *Respondent,*
*v.*
SHERMAN E. JACKSON, *Appellant.*
(Nos. D20937 and D20940, CA 8186)

567 P2d 1057

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

[ 681 ]

## THORNTON, J.

Defendant was tried and convicted after jury trial of (1) reckless driving and (2) failure to give name and address at the scene of accident.

The single issue presented on appeal is whether the district judge erred in overruling defendant's objection to testimony tending to show defendant was being pursued by city narcotics officers for allegedly trafficking in drugs at the time he committed the above traffic offenses.

The facts as revealed by the testimony were as follows:

In September 1975 defendant was robbed at his home by four armed men, including a John W. Barger. Defendant thereafter testified before the Multnomah County grand jury that indicted Barger. On March 4, 1976, Barger was arrested in Lane County on the Multnomah County warrant.

April 13, 1976, proved to be an eventful day for defendant. First, he was scheduled to go to Lane County in the afternoon to testify before the grand jury against Barger in another case. That morning, however, defendant came to the attention of two Portland narcotics officers who were conducting a narcotics surveillance of a female suspect at a motel on 82nd Avenue in Portland. At about 9 a.m. Officer Ossenkop observed defendant pick up the woman in his car, drive north on 82nd, make a U-turn, return southbound, pull into the parking lot, drop the woman off, and drive northbound again on 82nd. The two officers, suspecting that defendant might be involved, began following him. It was shortly thereafter that the driving violations involved herein occurred.

Defendant turned into a left turn lane at Prescott and the officers decided to stop him to search his car for narcotics. As they were waiting for the light to change, Ossenkop observed that defendant was look-

ing directly at them in his rear view mirror. Ossenkop had known defendant for about two years; defendant had talked with him and had previously seen the unmarked car in which Ossenkop was riding. When defendant again turned left, he accelerated rapidly. He continued, ostensibly trying to elude the unmarked car, going 45 to 50 miles per hour (mph) in a 25 mph zone, disregarding a number of stop signs and red lights and, at about 60 mph, striking a moving automobile. He did not stop. He ended up on the Banfield Freeway, driving about 90 mph through medium to heavy traffic, crossing lanes and veering around cars. The officers thereafter lost contact with him.

Defendant testified that he was in great fear for his life from Barger and that at the time the officers first observed him thought the officers were confederates of Barger.

Up until the chase on April 13, defendant had not expressed any fear of Barger to Officer King who was investigating the robbery of which defendant was the victim. After defendant testified before the Lane County grand jury on the afternoon of April 13, he saw Barger at the courthouse. Defendant struck Barger and Barger tried to run away from him.

Defendant contends that the narcotics evidence was highly prejudicial and should have been excluded as impermissible evidence of another crime under *State v. Manrique*, 271 Or 201, 531 P2d 239 (1975), and subsequent authorities to the same effect.

The state argues that the challenged evidence was admissible to "rebut defendant's evidence of honest motive and to disprove the defense of choice of evil."

We conclude that the trial judge did not err. Defendant, by testifying that he honestly believed that his police pursuers were actually cohorts of Barger trying to kill him, and that he was fleeing to save his own life, raised the issue of motive as well as a

choice of evils defense.[1] Defendant having opened the door, the state was entitled to show in rebuttal that just prior to his evasive and erratic driving defendant was observed making contact with a woman under surveillance by narcotics investigators, on the theory that his motivation for the attempt to elude the police might have been fear of arrest for involvement in a narcotics offense, rather than fear of Barger and the latter's confederates. *See also, State of Oregon v. Long,* 195 Or 81, 244 P2d 1033 (1952).

Affirmed.

---

[1] ORS 161.200 provides in part:

"(1) * * * [C]onduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

ORS 161.190 provides:

"In any prosecution for an offense, justification, as defined in ORS 161.195 to 161.275, is a defense."