Argued December 15, 1977, affirmed March 13, reconsideration denied
May 3, petition for review denied July 25, 1978

STATE OF OREGON, *Respondent,*

*v.*

SHERMAN EDWARD JACKSON, *Appellant.*

(No. C 76 12 17536, CA 8168, CA 8403)

(Cases consolidated)

575 P2d 1001

Phillip M. Margolin, Portland, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant was convicted after jury trial of being an ex-convict in possession of a concealable firearm. ORS 166.270. He appeals, assigning as error the following:

(1) Overruling defendant's motion to dismiss on account of former jeopardy;

(2) Permitting (a) inquiry into security measures at defendant's house approximately one year prior to the present charge, (b) testimony regarding items stolen in a 1975 burglary at defendant's house, and (c) the use of "innuendo" regarding defendant's criminal connections during the prosecution's closing argument;

(3) Giving the jury an unfair definition of the term "imminent";

(4) Denying defendant's motion to suppress;

(5) Permitting the prosecutor to introduce inadmissible testimony; and

(6) Refusing to allow defendant to introduce certain threatening letters.

On the day of the crime charged defendant drove to the home of Daniel Harvey in the city of Portland. When he arrived he found the police executing a search warrant. An altercation between defendant and the police ensued, ending in defendant's being arrested.

Some time after defendant had been taken to the police station, other police saw defendant's automobile stopped at the curb adjacent to Daniel Harvey's house with the front end of the vehicle headed into the curb and the rear end protruding into the main-traveled portion of the street and causing a traffic hazard. The officers testified that they attempted to move the vehicle and park it legally, but could not because the steering wheel was in a locked position. As they were looking into the vehicle the officers saw a handgun on

the floorboard. When the officers subsequently discovered that defendant had been previously convicted of a felony, the instant charge was filed.

At trial defendant testified that he was carrying the handgun because of his fear of a man named John W. Barger, and raised the so-called choice of evils defense. ORS 161.200. In order to understand defendant's defense, it is necessary that we set forth the following additional facts. All of these events occurred prior to the episode that forms the basis of the present charge.

In September 1975 defendant was robbed at his Portland home by four armed men, including Barger. Thereafter defendant testified before the Multnomah County Grand Jury that indicted Barger. On March 7, 1976, Barger was arrested in Lane County on the Multnomah County warrant. On April 13, 1976, defendant went to Lane County and testified before the grand jury on another case pending against Barger. While in the Lane County Courthouse defendant saw Barger. The two men exchanged words. Defendant struck Barger.[1]

The state, in an effort to rebut defendant's evidence concerning his motive for carrying the gun, offered evidence of the intensive security measures installed at defendant's house in 1975, the expensive jewelry and large amount of cash taken from defendant's house during the robbery. Defendant countered this by claiming that the reason for the security system was his fear of Barger.

Having examined each of defendant's assignments we conclude that none of his contentions can be sustained.

---

[1] In *State v. Jackson,* 30 Or App 681, 567 P2d 1057, *rev den* (1977), this defendant interposed a similar defense involving the same John Barger. There defendant was charged with reckless driving and failure to give name and address at the scene of an accident.

■ First, we find no error in the trial judge's refusal to grant defendant's motion to dismiss on the grounds of former jeopardy. This motion was based on a prior mistrial, which occurred under the following circumstances: In the prior trial defendant moved to have excluded from evidence his arrest as a result of the above described altercation with the police and the charges brought against him as a result. The trial judge agreed, granted this motion, and informed the state that such evidence would be a basis for a mistrial. Thereafter the first state's witness, Sgt. Branagan, in response to a question from the prosecutor, referred to the fact that defendant was "in custody" at the time his car was observed to be parked illegally. Defendant immediately moved to have the case dismissed with prejudice. The trial court denied the motion.

Thereafter the next witness, Sgt. Lambert, in response to a question from the prosecutor as to what he had done next after seizing the handgun, stated that he checked the numbers of the gun by walkie-talkie and found that "[i]t was stolen."

Defendant again moved for dismissal with prejudice. The court denied the motion but said it would consider a motion for a mistrial. Defendant then moved for a mistrial, which was granted.

On the next day a new jury was sworn. Defendant immediately moved for dismissal of the charge on the grounds of double jeopardy.

From our examination of the circumstances leading up to the mistrial, we can find no basis for characterizing the prosecution's conduct as intentional misconduct, bad faith or overreaching, or for ordering dismissal with prejudice. *Cf., United States v. Dinitz,* 424 US 600, 96 S Ct 1075, 47 L Ed 2d 267 (1976). The record shows that the prosecutor had previously discussed with the police witnesses the fact that there was to be no testimony concerning the altercation that led to

■■■■■■■■

defendant's arrest. The trial judge did not err in refusing to dismiss the charge against defendant.

In his second assignment defendant has raised three alleged errors.

■ ■ We can find no objection by defendant as to the testimony regarding the security system. The objection was to the question as to what items defendant had lost in the robbery.

■ ■ As we view it, the testimony regarding the value of the stolen items was permissible to show the prosecution's theory that defendant may have had a different motive than fear of Barger for carrying a gun, viz., to protect large amounts of cash and other valuable assets in his possession. *State v. Jackson,* 30 Or App 681, 567 P2d 1057, *rev den* (1977).

■ ■ Nor do we find to be reversible error the prosecution's comment concerning how defendant learned the identity of the persons who robbed him. This has reference to the fact that defendant apparently gained this information by simply asking neighbors if they knew who the robbers were. Defendant argues that by pointing this out in the closing argument the prosecution was attempting to show by innuendo that defendant habitually associated with the "criminal element."

We fail to see how the implication that defendant associated with criminals and is a bad person follows from the above statement, nor can we see how it could be regarded as seriously prejudicial or likely to have changed the result of the trial in any event. The trial court did not abuse its discretion in failing to sustain the objection.

■ Third, we find no error in the trial court's defining the word "imminent" or in instructing the jury on the definition of that word. This assignment refers to the word "imminent" in ORS 161.200(1)(a), which provides:

"(1) Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury * * * ."

The court instructed the jury as follows:

" 'Imminent' is to be given its ordinary meaning, that is, immediate, ready to take place, near at hand."

The above instruction was sufficient.

■ Fourth, it was not error to deny defendant's motion to suppress the handgun. The officer knew that defendant had arrived at the scene in the automobile involved. The weapon was in plain view when they saw it. They had probable cause to believe that defendant had possession of it without a permit in violation of ORS 166.250 or section 14.32.010, Code of the City of Portland, or both. The seizure was proper and the trial court so found. *State v. Riley,* 240 Or 521, 402 P2d 741 (1965). *See also, Cady v. Dombrowski,* 413 US 433, 93 S Ct 2523, 37 L Ed 2d 706 (1973); *State v. Lewis,* 10 Or App 378, 499 P2d 836, *rev den* (1972); *State v. Bright,* 8 Or App 202, 493 P2d 757 (1972). *State v. Mays,* 19 Or App 518, 528 P2d 109 (1974), is inapposite. In *Mays* there was conflicting evidence and the trial court resolved those fact issues favorably to the defendant. Those findings were therefore binding on this court under *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

■ Fifth, the trial judge did not abuse his discretion in allowing the state to ask Officer Veteto if the threatening letters from Barger related to defendant and the effect of the threats on Veteto. This issue arose as follows: On direct examination of Officer Veteto, defendant's counsel elicited, over the prosecutor's objection, testimony that Veteto had received letters from Barger which might be construed as veiled

threats against Veteto. The prosecution then proceeded to cross-examine Veteto asking if the threatening letters from Barger referred to defendant and whether Veteto felt threatened by the letters.

Inasmuch as defendant had opened the door on the subject, the trial judge did not err in permitting the prosecution to rebut the implication that the letters contained threats against defendant. Likewise it was not error to refuse to permit the introduction into evidence of the letters mentioned above since the letters did not mention defendant, and no threat to defendant arising out of the letters was communicated to him.

Affirmed.