## STATE OF OREGON,
*Appellant,*

*v.*

## DELBERT LAROY FOX,
*Respondent.*

(C86-07-33474; CA A47073)

763 P2d 186

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Under a search warrant procured by telephone, law enforcement officials obtained evidence of manufacture of a controlled substance. The court granted defendant's motion to suppress, and the state appeals. We reverse and remand.

At 3:10 a.m. on July 24, 1986, Deputy Sheriff Sawyer telephoned a district court judge seeking to obtain a search warrant. Pursuant to ORS 133.545(5), Sawyer tape recorded the prepared statement that he read to the judge, after which he stated, "And that's the affidavit." At that point, the judge asked him to turn off the tape recorder, and Sawyer complied. When the tape resumed, Sawyer swore to the judge that the affidavit he had just read was correct.

Defendant concedes that Sawyer's affidavit, as recorded and transcribed, established probable cause to believe that evidence of a crime would be found at the motel room to be searched. The sole issue presented is whether ORS 133.545(5) requires evidence obtained pursuant to a telephonic search warrant to be suppressed if the entire conversation between the issuing magistrate and the affiant was not recorded.

ORS 133.545(5) provides:

"(5) Instead of the written affidavit described in subsection (4) of this section, the judge may take an oral statement under oath when circumstances exist making it impracticable for a district attorney or police officer to obtain a warrant in person. *The oral statement shall be recorded and transcribed. The transcribed statement shall be considered to be an affidavit for the purposes of this section.* In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the judge receiving it and shall be retained as a part of the record of proceedings for the issuance of the warrant." (Emphasis supplied.)

Defendant contends that the "oral statement" which the statute requires be recorded is the entire conversation between the judge and the affiant. Defendant correctly points out that the purpose of requiring sworn affidavits or sworn recorded oral statements is to facilitate judicial review of the basis upon which the magistrate acted in issuing a search warrant. He argues that, because the unrecorded conversation

between the issuing judge and the affiant could have contained material relevant to probable cause, the statute's purpose requires that the entire conversation be recorded. Defendant cites *State v. Mathis,* 24 Or App 53, 544 P2d 170, *rev den* (1976), and *State v. Russell,* 293 Or 469, 650 P2d 79 (1982), as support for the proposition that, if all material information actually considered by the magistrate in issuing a search warrant is not available to the reviewing court, the evidence obtained under the warrant should be suppressed.

■ Defendant's argument, however, is answered by the plain language of the statute, which clearly equates a "sworn oral statement" with a written affidavit for the purpose of obtaining a search warrant. By stating, "And that's the affidavit," Sawyer indicated that he had completed delivery of his oral statement.[1] Having been recorded and taken under oath, the statement complied with ORS 133.545(5).

■ Neither *Mathis* nor *Russell* bears on the issue of what constitutes an "oral statement" under ORS 133.545(5). Although, in those cases, supplementary information was necessary to establish the existence of probable cause, Sawyer's recorded oral statement, taken alone, was sufficient to establish probable cause to search the motel room. The material recorded clearly provided the reviewing court sufficient basis upon which to judge the existence of probable cause.[2] The record made thus served exactly the same purposes as would a written affidavit.

Reversed and remanded.

---

[1] Defendant points out that Sawyer stated, "I swear that the above is true" *after* the unrecorded interlude occurred. Defendant contends that a factual question thus arises regarding whether the officer intended to swear to the truth of all of his statements, thus making the entire conversation his "sworn statement" under the statute. However, the judge specifically asked Sawyer whether "the affidavit that you have just read to me over the telephone is correct so help you God." That makes it clear that both Sawyer and the judge viewed the material in the recited affidavit as the only basis for the search warrant issued.

[2] Defendant presented no evidence controverting the existence of probable cause.