Argued and submitted October 24, reversed November 24, 1980,
reconsideration denied January 8,
petition for review denied March 4, 1981 (290 Or 551)

STATE OF OREGON,
*Respondent,*
*v.*
BRUCE ALAN KENNEDY,
*Appellant.*

(No. C-79-12-34399, CA 17729)

619 P2d 948

Donald C. Walker, Portland, argued the cause and filed the brief for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which the defendant's sole assignment of error is the trial court's failure to dismiss the case against him based upon a theory of prior jeopardy. We reverse.

Defendant was charged with the theft of an oriental rug. At his first trial, one of the principal witnesses against him was a Mr. Ewaldsen, whose testimony was crucial to the prosecution's case in that it provided proof of both the value and the identity of the rug in question.

On cross-examination, the defense attorney immediately attempted to establish bias on the part of the witness by asking him if he had filed a "complaint" against the defendant with the District Attorney's office in Medford. The witness first denied doing so, but then acknowledged that he had filed a complaint charging the defendant with fraudulent advertising. Without objection by the prosection, it was further established that the District Attorney's office had taken no formal action as a result of the complaint.

Later, during redirect examination, the prosecutor unsuccessfully attempted to ask the witness why he had filed a complaint against the defendant. The trial judge sustained a series of objections by the defense to this line of inquiry. The objections were not well taken, and the judge's rulings were probably wrong, but that is not the issue before us now. The prosecutor then asked,

"Q: (The Prosecutor): Have you ever done business with the Kennedys?

"A: No I have not.

"Q: Is that because he is a crook?"

A mistrial was immediately granted.

When the case came on for retrial, a second judge declined to grant the defendant's motion for dismissal of the charges on the ground of prior jeopardy. The defendant was then tried and convicted.

The general rule is said to be that the double jeopardy clause does not bar reprosecution, "* * * where circumstances develop not attributable to prosecutorial or

judicial overreaching, * * * even if defendant's motion is necessitated by a prosecutorial error." *United States v. Jorn,* 400 US 470, 485, 91 S Ct 547, 27 L Ed2d 543 (1970). However, retrial is barred where the error that prompted the mistrial is intended to provoke a mistrial or is "motivated by bad faith or undertaken to harass or prejudice" the defendant. *United States v. Dinitz,* 424 US 600, 611, 96 S Ct 1075, 47 L Ed2d 267 (1976). Accord, *State v. Rathbun,* 37 Or App 259, 586 P2d 1136 (1978), *reversed on other grounds,* 287 Or 421, 600 P2d 392 (1979).

With respect to the first of these alternative criteria, *i.e.,* in intent to cause a mistrial, the trial court found as a matter of fact that it was not the intention of the prosecutor in this case to cause a mistrial. We are bound by this finding of fact. *State v. Warner,* 284 Or 147, 585 P2d 681 (1978); *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).[1]

However, we are of the opinion that the prosecutor's conduct in this case meets one of the other forbidden criteria, *viz.,* overreaching. The comment occurred during the redirect examination of a key witness. The prosecutor's express intent was to rehabilitate the witness, who had been impeached. However, the commenting question went beyond rehabilitation and was, in fact, a direct personal attack on the general characater of the defendant. As such, we think the prosecutor is charged with the knowledge that the comment—which we must treat as intentional, at least in the sense that it appears it was made deliberately and after some thought—was certain to interfere with the trial process. Defendant then was faced with a Hobson's choice—either to accept a necessarily prejudiced jury, or to move for a mistrial and face the process of being retried at a later time. There will be many circumstances in which the decision, in the face of this dilemma, to seek a mistrial will be deemed the equivalent of a waiver of a defendant's prior jeopardy rights. *See United States v. Jorn, supra,* 400 US at

[1] The trial court's conclusion was based upon its acceptance of the sworn testimony of the prosecutor, who called herself as a witness at the hearing on the motion to dismiss. As the text of our opinion, *post,* indicates, we are not sure that the subjective intent of the prosecutor should necessarily play a pivotal role in the decision as to whether or not prior jeopardy forbids retrial.

485. However, this case of flagrant overreaching lies outside that general rule. The facts require reversal of the defendant's conviction and his discharge on grounds of former jeopardy.

Reversed.