Argued and submitted December 12, 1980, affirmed April 13, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# STEPHEN RAY SHOEMAKE,
*Appellant.*

## (No. 78-10-448, CA 17387)

626 P2d 948

David E. Groom, Deputy Public Defender, Salem, argued the cause for the appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant was charged with the crime of burglary in the first degree. ORS 164.225. He moved for an order declaring a mistrial because the state, before resting, recalled a witness, Mrs. Milburn, to the stand, and she testified to something which the defendant asserts she "remembered" only because she was "coached" by the prosecutor. The trial court granted the motion for a mistrial. The trial court later reversed itself, declaring that there was no prosecutorial misconduct, and allowed the defendant to be tried again on the same charge. Defendant's motion to dismiss the charge on grounds of former jeopardy was denied. On retrial he was convicted. On appeal he claims that denial of his motion to dismiss was error. We affirm.

In its memorandum opinion, the trial court stated its findings as follows:

"At the time the State recalled Mrs. Milburn, over the objection of Defendant, the State had not rested its case and was recalling the witness on the grounds that the District Attorney had received information from Deputy Burch that Mrs. Milburn had originally stated to him that the Defendant was first observed on the second or third step. The Deputy had not put this in his written report so said information was unknown to the Deputy District Attorney or to defense counsel. After receiving this information from Deputy Burch, the Deputy District Attorney then asked Mrs. Milburn if she recalled having made that statement to Deputy Burch and Mrs. Milburn suddenly recalled that she had. Such testimony was not manufactured by the State nor was such testimony false and therefore, the State had every right to recall the witness to get that testimony before the jury."

Defendant argues on appeal that there was "prosecutorial overreaching" which resulted in a mistrial, and, therefore, defendant's retrial violates the Fifth Amendment to the U.S. Constitution, Article I, Section 12, of the Oregon Constitution and ORS 131.515(1).[1] Defendant's argument and the authority he cites, however, relate only to

---

[1] The Fifth Amendment to the U.S. Constitution provides:

the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. We will review this matter, therefore, in relation only to that clause.

■■ Defendant relies particularly on *United States v. Crouch,* 566 F2d 1311 (5th Cir 1978),[2] in which the court held that "prosecutorial overreaching" bars retrial on the grounds of the Double Jeopardy Clause notwithstanding the fact that the defendant requested the mistrial. To preclude retrial on double jeopardy grounds, prosecutorial misconduct must have been the result of gross negligence or intentional misconduct. *United States v. Crouch, supra,* at 1317-1318. The trial court's findings, which are supported by the evidence, belie defendant's contention that there was intentional misconduct or gross negligence on the part of the prosecutor.

■ Defendant also cites *United States v. Dinitz,* 424 US 600, 96 S Ct 1075, 47 L Ed 2d 267 (1976), as authority for denying retrial on grounds of double jeopardy in a case in which the earlier trial ended with an order of mistrial. *Dinitz* held that:

"The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where 'bad-faith conduct by judge or prosecutor'

---

"* * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; * * *"

Article I, Section 12, of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence [sic] * * *"

ORS 131.515(1) provides:

"No person shall be prosecuted twice for the same offense."

[2] Defendant also cites *State v. Rathbun,* 287 Or 421, 600 P2d 392 (1979), focusing on the court's discussion of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. In *Rathbun,* although there was no prosecutorial or judicial misconduct, the bad faith misconduct of a bailiff was the basis for a double jeopardy bar against retrial. *Compare State v. Williams,* 48 Or App 319, 617 P2d 629 (1980), *rev den* (1981), where the mere negligence, not the bad faith misconduct, of a bailiff was found not to be the basis for a double jeopardy bar against retrial.

[citing *United States v. Jorn,* 400 US 470, 485, 27 L Ed 2d 543, 91 S Ct 547] threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant."

The evidence in this case amply supports the trial court's findings that the prosecutor was not acting in bad faith in order to goad defendant into requesting a mistrial.

Affirmed.