Argued and submitted October 12, 1981, affirmed June 9, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## ELIZABETH ALINE OLIVER,
*Appellant.*

(No. C 80-12-34388, CA A21141)

646 P2d 107

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals her conviction in a second trial for first degree robbery for holding up a Portland liquor store on December 6, 1980. Her first trial had ended in a mistrial. She contends that the second trial subjected her to double jeopardy.

At the first trial, defendant was identified in court by Charles Chapman as the masked woman he had seen entering and leaving the liquor store the afternoon of the robbery. Just before the trial, Chapman had been shown a photograph throw-down, consisting of six pictures of young women, by Detective Smith of the Portland Police Bureau. At that time he was unable to identify defendant.[1] Smith then pointed out defendant's picture as that of the suspect.[2] During a recess after Chapman's testimony, the prosecutor talked with Smith in the hallway outside the courtroom about the identification procedure in the presence of Chapman and other witnesses. He did so despite an order by the court excluding witnesses.

The trial court was more concerned about the identification procedure than about the hallway discussion:

"* * * I am not satisfied that the discussion in the hallway has sufficiently tainted the testimony to warrant the extreme sanction of a mistrial, but I am concerned that any identification of this Defendant by a witness who was shown a photograph under circumstances that could only be regarded as highly suggestive in that he was told that this was the person he could have picked after he picked somebody else, or words to that effect, that that taints the incourt identification."

After stating that a jury instruction to disregard the incourt identification would be futile, the court granted defendant's motion for a mistrial. Defendant argues that there were two distinct incidents of prosecutorial misconduct: one by the officer in pointing out the correct photograph of defendant after Chapman had chosen the wrong

---

[1] Chapman testified that he chose the wrong person's photograph. Detective Smith's police report indicates that Chapman could not identify any of the photographs.

[2] He testified that he pointed out defendant's picture to Chapman "just to satisfy [Chapman's] curiosity."

one and the other by the prosecutor in discussing Chapman's testimony with the officer despite the court's exclusion of witnesses. The mistrial was allowed only because of the tainted in-court identification.[3] Before the second trial, defendant moved to dismiss the charge.

In general, the Double Jeopardy Clauses of the federal and state constitutions do not bar reprosecution "where circumstances develop not attributable to prosecutorial or judicial overreaching, * * * even if defendant's motion is necessitated by a prosecutorial error." *United States v. Jorn,* 400 US 470, 485, 91 S Ct 547, 27 L Ed 2d 543 (1970). However, where the "error" prompting the mistrial is "motivated by bad faith or undertaken to harass or prejudice" the accused, retrial is prohibited. *United States v. Dinitz,* 424 US 600, 611, 96 S Ct 1075, 47 L Ed 2d 267 (1976); *accord, State v. Rathbun,* 37 Or App 259, 586 P2d 1136 (1978), *rev'd on other grounds,* 287 Or 421, 600 P2d 392 (1979); *State v. Jackson,* 33 Or App 139, 575 P2d 1001 (1977), *rev den* 283 Or 99 (1978).

The prosecutor first learned of the suggestive identification procedure during Chapman's testimony at trial. His confrontation with Smith in the hallway was to discover "what was going on." The trial court found that there was no evidence that the two discussed what Smith's testimony would be at trial. Smith acknowledged pointing out defendant's picture to Chapman and the conversation in the hallway with the prosecutor.

Given this record, the prosecutor's conduct was not grossly negligent or a deliberate attempt to interfere with the trial process. *See State v. Shoemake,* 51 Or App 693, 626 P2d 948 (1981); *but see State v. Kennedy,* 49 Or App 415, 619 P2d 948 (1980), *rev den* 290 Or 551 (1981), *rev'd sub nom Oregon v. Kennedy,* 456 US 667, 102 S Ct 2083, 72 L Ed 2d 416 (1982).

Affirmed.

---

[3] The court rejected defendant's contention that there had been collusion between the officer and the prosecutor. The court also aptly pointed out that the ultimate result of the situation was the loss of Chapman's identification testimony in the second trial.