Submitted on remand from United States Supreme Court May 24, 1982, affirmed February 2, reconsideration denied March 18, petition for review allowed April 6, 1983 (294 Or 682)

See 294 Or 260, 666 P2d 1316 (1983)

STATE OF OREGON,
*Respondent,*

*v.*

BRUCE ALAN KENNEDY,
*Appellant.*

(No. C-79-12-34399, CA 17729)

657 P2d 717

Donald C. Walker, Portland, argued the cause and filed the brief for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, Robert E. Barton, Assistant Attorney General, Thomas H. Denney, Assistant Attorney General, and Stephen F. Peifer, Assistant Attorney General, Salem.

John Henry Hingson, Oregon City, and David E. Groom, Salem, filed a brief amicus curiae for Oregon Criminal Defense Lawyers Association.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This case is before us on remand from the United States Supreme Court, *Oregon v. Kennedy,* 456 US 667, 102 S Ct 2083, 72 L Ed 2d 416 (1982). The Supreme Court reversed our decision, *State v. Kennedy,* 49 Or App 415, 619 P2d 948 (1980), *rev den* 290 Or 551 (1981), to the effect that the state was barred by the Double Jeopardy Clause of the United States Constitution from retrying defendant after a mistrial was declared at his first trial on theft charges. We now affirm defendant's conviction.

Defendant was charged with the theft of an oriental rug. The facts leading up to the mistrial are set out in our earlier opinion. The pivotal exchange leading to the mistrial took place on redirect examination of one of the state's key witnesses:

"Q: (The Prosecutor): Have you ever done business with the Kennedys?

"A: No I have not.

"Q. Is that because he is a crook?"

In ruling on defendant's motion to dismiss after the mistrial had been granted, the trial court[1] stated:

"I have reviewed the transcript and the wording, as put, and I would agree that the question was improper as put. I do not find, however, that it constitutes bad faith or was intentional impropriety. The question of whether or not it constitutes overreaching is one of those gray areas where we have to determine what 'overreaching' means, and in looking to the case which the defense has cited, *United States v. Kessler,* [530 F2d 1246 (1976),] prosecutorial overreaching is there defined as being such as must have been a result of gross negligence or intentional misconduct which prejudiced the defendant so that he cannot receive a fair trial, and I wouldn't find that the overreaching or the erroneous conduct in this matter reaches that degree of aggravation. I don't think it amounted to gross negligence or intentional misconduct."

In our original opinion in this case, we noted the trial court's determination that the prosecutor did not intend to cause a mistrial and that we are bound by that

---

[1] The judge who ruled on the motion to dismiss was not the judge who presided at defendant's trial.

finding of fact. 49 Or App at 418. We held, however, that the conduct of the prosecutor constituted such flagrant overreaching that defendant's motion for a mistrial did not amount to a waiver of his double jeopardy rights under the federal constitution. 49 Or App at 418-19. The Supreme Court disagreed, holding that under the federal constitution,

> "* * * the circumstances under which [a defendant who has moved for a mistrial] may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial *was intended to provoke the defendant into moving for a mistrial." Oregon v. Kennedy,* 456 US 667, 680, 72 L Ed 2d at 427. (Emphasis supplied.)

It held that, given the finding by the trial court in this case, defendant's rights under the United States Constitution were not violated.

On remand, the remaining question is whether the *Oregon* constitution prohibits defendant's retrial. In *State v. Rathbun,* 287 Or 421, 600 P2d 392 (1979), the Supreme Court held that when a bailiff, motivated by bad faith or prejudice against the defendant, made improper remarks to the jury for the purpose of securing a conviction, the state constitution prohibits retrial of the defendant when the jury was unable to agree on a verdict because of those improper remarks. The court relied in part on ORS 131.515(1):

> "Except as provided in ORS 131.525 * * *
>
> "(1) No person shall be prosecuted twice for the same offense."

and ORS 131.525:

> "A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:
>
> "* * * * *
>
> "(2) The trial court finds that a termination, other than by judgment of acquittal, is necessary because:
>
> "* * * * *
>
> "(c) Prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the state; or

"(d)  The jury is unable to agree upon a verdict;

"* * * * *."

The court in *Rathbun* explicitly decided the case under Oregon law. It stated:

"The misconduct of this bailiff is so abhorrent to the sense of justice that we find the same sanction is required to effectuate the constitutional command *as in the case where the prosecutor or the judge intends to provoke a mistrial.* * * *

"We hold that Article I, section 12, of the Oregon Constitution prevents the application of ORS 131.525(2)(d) in these circumstances. That being so, ORS 131.515(1) bars the retrial of the defendant." 287 Or at 432-33. (Emphasis supplied.)

As the emphasized portions of *Rathbun* and *Kennedy* indicate, the type of conduct that has been held to bar retrial of a defendant under both the Oregon and federal constitutions is conduct intended to interfere with the defendant's right to a fair trial, either by provoking a mistrial or by influencing the jury. In other words, with respect to the precise and narrow issue under consideration here, both constitutions embody the same standard.

■ ■  The trial court here found that the prosecutor's question was not intentional misconduct or even gross negligence. However we might ourselves have assessed the situation if we were the factfinder, the trial court believed that even though the question asked was improper, it was not asked in bad faith. An error on the part of the prosecutor requiring a mistrial does not always trigger the bar of double jeopardy. *State v. Oliver,* 57 Or App 567, 646 P2d 107 (1982); *see State v. Williams,* 48 Or App 319, 617 P2d 629 (1980). It did not do so here. The trial court did not err in denying defendant's motion to dismiss.

Affirmed.